```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
                                                      ELECTRONICALLY FILED
------------------------------------------------------------ X   DOC #:_____
ALISHA NEAL,                                     :    DATE FILED: 6/28/2019
                                                 :
                                     Plaintiff,  :
                                                 :    18-CV-1936 (VEC)
                       -against-                 :
                                                 :    ORDER
COMMISSIONER OF SOCIAL SECURITY,                 :
                                                 :
                                     Defendant.  :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Alisha Neal filed this lawsuit on March 1, 2018, challenging the final decision of the Commissioner of Social Security ("the Commissioner) denying her application for Disability Insurance Benefits under Titles II and XVI of the Social Security Act. *See* Dkt. 2 (Compl.). On March 9, 2018, this Court referred the case to Magistrate Judge Sarah Netburn for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). *See* Dkt. 7. On February 15, 2019, after having failed many times to contact Plaintiff via mail and telephone, *see* Dkt. 25, the Commissioner moved to dismiss the case for failure to prosecute, *see* Dkts. 24-26. Plaintiff never responded to the motion, despite an order directing her to do so no later than May 31, 2019, on pain of dismissal, *see* Dkt. 27. On June 5, 2019, Judge Netburn recommended that the Commissioner's motion be granted, *see* Dkt. 28 (Report & Recommendation ("R&R")), and the Court mailed that report to Plaintiff that same day. Under Fed. R. Civ. P. 72(b)(2) and 6(d), Plaintiff's deadline to object to the report was June 24, 2019. The Court has received no objections from either party.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).

Neither party has objected to the Report and Recommendation, so the Court reviews it for clear error. The Court finds none. The Report correctly applies the Second Circuit's five-factor test for determining whether dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) is appropriate. *See* Dkt. 28 (R&R) at 2; *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). First, the Report correctly concludes that, other than an apparent communication to the Court's Pro Se Intake Unit regarding her unavailability for a conference with Judge Netburn regarding the Commissioner's offer to remand the case for further administrative proceedings, *see* Dkt. 28 (R&R) at 3 n.1, Plaintiff has done absolutely nothing to advance her case in the nearly sixteen months than she filed it. To the contrary, she has (1) ignored four letters and six voicemail messages from the Commissioner offering to stipulate to remand; (2) failed to appear for two conferences with the Court; and (3) disregarded two court orders, one from the undersigned directing Plaintiff to consider consenting to Judge Netburn's jurisdiction and another from Judge Netburn directing Plaintiff to respond to the Commissioner's motion to

dismiss. *See id.* at 2-3; *see also* Dkt. 25 (Baird decl.) ¶¶ 6-27; Dkt. 27 (scheduling order directing Plaintiff to respond to the motion to dismiss no later than May 31, 2019). Furthermore, the Report accurately finds that Judge Netburn's order directing Plaintiff to respond to the Commissioner's motion by May 31, 2019 put Plaintiff on notice that failure to do so would result in dismissal for failure to prosecute, *see* Dkt. 28 (R&R) at 3; Dkt. 27 ("If Plaintiff does not mail her opposition by Friday, May 31, 2019, then the Court will consider the Commissioner's motion to be fully briefed and ready for decision. Failure to mail an opposition by then may also result in dismissal for failure to prosecute."), and that Plaintiff's failure to advance her case has caused the Commissioner and the Court needlessly to expend precious resources making and resolving this motion, *see* Dkt. 28 (R&R) at 4. Finally, the Court agrees with the Report that no sanction other than dismissal is appropriate: because Plaintiff is proceeding *pro se* and *in forma pauperis*, *see* Dkt. 4, and in light of her apparent willingness to disregard court orders, the Court lacks "the means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste*, 768 F.3d at 219. The Court finds no reason to disagree with the Report and Recommendation, nor has it identified any clear error.

## CONCLUSION

Because careful review of the report reveals no clear error, the Court adopts the report in full and grants the Commissioner's motion. This case is DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute.

The Report and Recommendation having given the parties adequate warning, the parties' failure to file written objections to the report precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date: **June 28, 2019**
      **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**